The opinion of the court was delivered by
McEnery, J.
This is an application for a mandamus to compel the respondent judge to recuse himself.
The grounds alleged are that James Wilkinson has contested the election of the respondent judge, and that said suit is pending; that the relator has filed a suit against Frank O. Meyers, contesting his title and right to the office of sheriff of the parish of Plaquemines, and that the respondent judge’s “mind would be certainly warped and biased in said cause in favor of the said Meyers too much to give plaintiff a fair trial in said cause.”
He further alleges that at the time of making said application for the recusation of respondent he overlooked the provisions of Act 129 of E. S. of 1877, which applies to the transfer of contested election cases.
The respondent judge answers that: (1) Act 72 of 1884 grants to all courts a delay of thirty days within which to pass upon any case submitted to the courts for action; (2) there is no law authorizing the court to grant the order of recusation in chambers, and that Act 40 of 1880 repeals the Act 129 of 1877, and the former act is the only one regulating the mode and manner of recusation.
Act 129 of 1877 was enacted to carry out the provision of the Constitution of 1868, which says that when the judge is personally interested in the suit he shall call upon the parish or district judge, as the ease may be, to try the case.
The preamble to the act is that there is no provision by legislative enactment made for the trial of cases where the judge is personally interested, and the judge to whom the case is referred is recused. The act provides for the trial of contested election cases in which a person claims to have been elected to, or contests the right of any person to hold an office. Under the act the District Judge must be *1076 interested in the case, and this is a condition precedent to its transfer to the nearest District Judge. But we are of the opinion that • Act 129 of 1877 can not stand and be enforced, and it is repealed by Act 40 of 1880.
The Constitution of 1879 replaced that of 1868, and not a vestige of it was left as a part of the organic law. A new judiciary system was adopted. Courts were abolished, others established, and jurisdiction territorially and in amounts were different from what they had been under the Constitution of 1868. Article 112 of the Constitution made a change in the law relating to the’ recusation of judges and the trial of recused eases. It says “ the General Assembly shall provide by law for the trial of recused eases in the district courts by the selection of licensed attorneys at law, by an interchange of judges, or otherwise.”
The Act 129 of 1877 was repealed by Act 40 of 1880. In the reorganization of the judicial system, by the Constitution of 1879, Art. 112 says the General Assembly shall provide by law for the trial of recused cases in the district courts by the selection of licensed attorneys at law, by interchange of judges, or otherwise.” By every rule of construction, when the Legislature passed an act to carry out this provision of the Constitution it was exclusive of any other mode of recusation by former laws, unless they should be continued in force and in no way conflicting with the same.
There is no exception as to any particular class of recused cases and they must be tried by licensed attorneys or an interchange of judges, or otherwise.
Act No. 40 of 1880 was passed to carry out this article.
Section 3 of the act says in cases in which the district-judge is recused for cause of interest, he shall for the trial thereof appoint some district judge of an adjoining district, which order shall be entered upon the minutes of the court. No provision is made for the issuing of the order of recusation in chambers. It must therefore be made in open court, as the order has to be entered upon the minutes, after which it is made the duty of the clerk to make a certified copy of the order from the minutes, under seal of the court, and forward them to the sheriff of the judge’s residence, or to the place in which the judge may be, to be served on him. An inspection of the two acts will at once convince that they are inconsistent and can not stand together.
*1077 Act 72 of 1884 does not apply to orders of recusation. Its purpose is to compel the decision of a case within thirty days in order to avoid delay. The general purport of the act to have cases specially tried would be defeated in recused cases if the judge were allowed thirty days to deliberate whether or not he should recuse himself. The order of recusation should be issued as early as practicable.
We understand from the answer of the respondent judge that he has not refused to recuse himself, but has declined to do so in chambers.
The relief prayed for is denied and the orders herein issued revoked and the rule discharged.